UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **XAVIER QUINTANA ET AL** | **CASE NO. 2:24-CV-01127** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **D R HORTON INC GULF COAST ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the court is a voluntary Motion to Dismiss Without Prejudice [doc. 7] filed by plaintiffs Brigette and Xavier Quintana. Defendants oppose the motion. Docs. 14, 19.

### I.
### BACKGROUND

This suit arises from alleged construction defects in homes built by DR Horton, Inc. and DR Horton Inc. Gulf Coast (collectively, "DR Horton") in Southwest Louisiana. Plaintiffs, the owner of one such home, filed a class action petition for damages in state court on July 22, 2024, against DR Horton as well as Bell Mechanical Services LLC and Bell Mechanical Holdings LLC (collectively, "Bell Mechanical"), which provided HVAC services to DR Horton homes. Doc. 1, att. 2. Plaintiffs allege that DR Horton's homes, including the HVAC systems installed therein, were defectively designed and constructed, resulting in high humidity and mold growth. They further allege that this mold growth caused adverse health effects to themselves and their minor child. Accordingly, they raised state law claims against defendants on behalf of their minor child and a class of other non-

homeowner individuals suffering personal injury as a result of occupying or residing in a DR Horton homes constructed between January 1, 2007, and the present. *Id.*

On August 19, 2024, DR Horton removed the suit to this court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). It also filed an answer, raising as its first affirmative defense that all claims must be referred to mandatory arbitration. Doc. 3. The following day, plaintiffs moved to dismiss their suit without prejudice under Federal Rule of Civil Procedure 41. Doc. 7. They assert that they wish to pursue their claims on an individual basis and avoid duplicative litigation, given that another class action with similar allegations is currently pending in state court.[1] DR Horton opposes dismissal, arguing that its affirmative defense acts as a counterclaim and requires that the court retain jurisdiction. Doc. 14. It also moves to compel arbitration. Doc. 12. On September 17, 2024, Bell filed an answer and counterclaim seeking to compel arbitration. Doc. 16. Accordingly, it joins in DR Horton's motion to compel arbitration and its opposition to the instant motion to dismiss. Docs. 18, 19.

## II.
## LAW & APPLICATION

Voluntary dismissals are controlled by Federal Rule of Civil Procedure 41. After a party has filed an answer or motion for summary judgment, the case may be dismissed "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The decision to dismiss a case and to decide the terms of dismissal fall

---

[1] That suit is *Dixon v. DR Horton, Inc.*, No. C-716640, 19th Judicial District Court, East Baton Rouge Parish, Louisiana. Doc. 7, att. 1, p. 2; *see* doc. 2, att. 1, pp. 55–95 (notice to state court).

within the court's discretion. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985). Generally, the court should grant such requests freely unless the opposing party will suffer plain legal prejudice as a result. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). If a defendant has made a counterclaim before being served with the motion to dismiss, however, "the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2).

Here no counterclaim was filed before plaintiffs' motion to dismiss, but defendants rely on DR Horton's assertion of its right to arbitrate through an affirmative defense. Rule 41(a)(2)'s limiting principle only applies to matters properly considered as counterclaims. *See United States v. One 6.5 mm Mannlicher-Carcano Military Rifle*, 406 F.2d 1170 (5th Cir. 1969) (prayer for delivery of property was not counterclaim within Rule 41(a)(2) since forfeiture proceedings had already been completed when claim was presented); *Incredible Features, Inc. v. BackChina, LLC*, 2020 WL 8457489, at *2 (C.D. Cal. 2020) (counterclaims for declaratory relief not proper since they were "merely duplicative" of affirmative defenses). "If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose the terms for doing so." Fed. R. Civ. P. 8(c)(2). This rule "generally favors defendants by construing responsive pleadings liberally to maximize . . . available legal theories." *Bd. of Trustees of Leland Stanford Jr. Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832, 840 (Fed. Cir. 2009).

DR Horton first asserted its right to compel arbitration as an affirmative defense, stating:

### **Affirmative Defense No. 1**

>This matter must be referred to mandatory arbitration under the Federal Arbitration Act, as provided in the arbitration clause of the Real Estate Purchase Contract signed by Plaintiff Xavier Quintana, the purchaser of the home at issue, and pursuant to the arbitration clause in D.R. Horton, Inc. – Gulf Coast's Independent Contractor Agreement with Bell Mechanical Services, LLC. The D.R. Horton Defendants intend to and will seek to enforce arbitration through a Motion to Compel Arbitration to be filed herein. These Affirmative Defenses and Answer are filed subject to and with full reservation of the D.R. Horton Defendants' arbitration demand and their right and intention to move to compel arbitration.

Doc. 3, pp. 1–2.

Under the Federal Arbitration Act, a party aggrieved by the other's alleged failure to honor an arbitration agreement may petition the district court for enforcement of that agreement. 9 U.S.C. § 4. For defendants, this enforcement right may take the form of a compulsory counterclaim or affirmative defense. *Towers, Perrin, Forster & Crosby, Inc. v. Brown*, 732 F.2d 345, 348 (3d Cir. 1984). If the right is not asserted by a defendant, res judicata will bar it from being raised affirmatively in another proceeding. *Id.* (citing *Depuy-Busching Gen. Agency v. Ambassador Ins. Co.*, 524 F.2d 1275 (5th Cir. 1975)). A party's assertion of this right acts as a proper counterclaim and bars plaintiff's dismissal of a suit under Rule 41(a)(2). *Ibeto Petrochem. Indus., Ltd. v. M/T "Beffen"*, 412 F.Supp.2d 285, 290–91 (S.D.N.Y. 2005). DR Horton's affirmative defense provided plaintiffs with full notice of its intent to compel arbitration. It would have barred dismissal of the suit, had it been properly designated as a counterclaim, because all claims asserted by plaintiffs are potentially subject to arbitration. Accordingly, the designation was a simple pleading

mistake and the interests of justice favor redesignating DR Horton's affirmative defense in order to protect its rights.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 7] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 19th day of September, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE